JAMES S. LEWIS (Fla. 318957 *pro hac vice*)
2101 S. Andrews Avenue, Ste. 201
Fort Lauderdale, Florida 33301
Telephone: (954) 523-7949
Email: jimlewisforflorida@yahoo.com

THE LAW OFFICE OF FREDERICK J. ARENSMEYER, LLLC
FREDERICK J. ARENSMEYER 8471
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2920
Honolulu, Hawaii 96813
Telephone: (808) 888-7444
Email: fja@arensmeyerlaw.com

Attorneys for Plaintiffs
Nathan Earl Aiwohi, Toby Alamoana
Keohokapu, Jr., Susan DeShaw,
Darlene K. Ebos, as the successive Personal
Representative of The Estate of Barbara Anita
Baliguat, Thomas Johnson, Maria K. Williams-James,
Lazara Rodriguez, and Julie Nicolas

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NATHAN EARL AIWOHI, et al., | ) NO. 1:22-CV-00312-JAO-RT |
| | ) |
| Plaintiffs, | ) PLAINTIFFS' SCHEDULING |
| | ) CONFERENCE STATEMENT; |
| vs. | ) CERTIFICATE OF SERVICE |
| | ) |
| BANK OF AMERICA, N.A. and THE | ) <u>SCHEDULING CONFERENCE</u> |
| BANK OF NEW YORK MELLON, | ) DATE:   July 28, 2023 |
| | ) TIME:   9:15 a.m. |
| Defendants. | ) JUDGE: Rom A. Trader |
| | ) |

**<u>PLAINTIFFS' SCHEDULING CONFERENCE STATEMENT</u>**

Plaintiffs, by and through their undersigned attorneys, and in accordance with Rule 16.2(b) of the Local Rules of Practice, hereby submit their scheduling conference statement.

### A. Nature of the Case

Plaintiffs allege that Defendants are wrongfully prosecuting hundreds of thousands of foreclosure cases nationally, and that specific acts and omissions within those prosecutions constitute federal racketeering violations.

Both Defendants routinely engage trial courts using variety of materially false sworn statements of fact, instruments with forged endorsements, fraudulent mortgage note assignments creating fraudulent title chains, perjured testimony, and other false documents, presented as the truth, upon which trial court judges and foreclosure defendants nationally manifest reliance, with the specific intent of taking homeowners' properties away from them, without due process, as the fruits thereof.

To cover up their enterprise, Defendants have offered perjury orchestrated by counsel, ordered the destruction of evidence in defiance of subpoenas, backdated records proving the forgery and fraud, destroyed the backdated records in defiance of subpoenas, defied court orders, misled courts about the law and the facts, all at the direction of counsel, and even attacked the integrity of judges trying to confront these frauds through contempt.

This racketeering scheme to defraud Countrywide subprime mortgage loan borrowers and foreclosure courts across the nation is a continuation of the death to affordable housing in America. While this is not a capital murder case, both Defendants possess the means, motive, and opportunity to commit the schemes to defraud with specific intent. The schemes to defraud alleged are much more than plausible, they are reality.

This stark reality is a continuation of decades of well-documented, unchecked acts of securities fraud, foreclosure fraud, documentary stamp tax evasion, robo-signing of fake assignments, forgery of blank endorsements, and now bank attorneys coaching bank witnesses to commit perjury in foreclosure cases across the nation.

Operative Countrywide mortgage note endorsements, in blank, filed in Class Plaintiffs' cases represent forgeries by unknown persons, who stamped mortgage note signatures pretending to be the named authorized representative listed, and are forgeries, defined as fraudulently affixed using rubberstamps without the knowledge, or consent of the named alleged authorized representative, years after the authorized signor was no longer employed by the named organization, and the named organization no longer had employees, but still presented as the true signatures of those representatives. ("forged note endorsements" or "forged").

Operative Countrywide forged note endorsements were entered on Countrywide mortgage notes by anonymous Defendant, BANA employees or agents, while acting as the Master Servicer known as, Bank of America, N.A. Successor by Merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. ("Master Servicer"), from on or about 2008 through 2014.

Defendant, BANA employees and/or agents forged Countrywide note endorsements with actual or apparent authority from Defendant, BANA, months to years after the same Countrywide notes were sold to securitized trusts - on or before July 1, 2008. These forged endorsements were originally affixed after the related foreclosures were filed with copies of the unendorsed notes and lost note counts in foreclosures across the nation. Later, BANA ensured the forged endorsements were filed with the foreclosure complaints related to those notes by Defendant, BONYM nationally. Those forged endorsements also appear on Countrywide notes purchased by the Federal National Mortgage Association. ("Fannie Mae"), and other owners of pools of Countrywide originated subprime mortgage loans.

To be clear, the forged endorsement allegation means BANA employees and/or agents intentionally, and with specific intent to defraud homeowners and courts nationally, forged Countrywide note endorsements, specifically so that

4

Defendant, BONYM could falsely allege standing to foreclose by holding that note with a forged blank endorsement, and for no other legitimate purpose.

Operative MERS mortgage note assignments, as filed in public land repositories nationally, are fraudulent, because MERS does not now, and never has, actually, or beneficially, held mortgage notes, thereby making it factually and legally impossible for MERS to have sold, or otherwise transferred mortgage notes to any assignee, for the purpose of evidencing lawful chain of title to present foreclosure plaintiffs in any foreclosure cases filed nationally.

Fraudulent MERS note assignments were widely used by Defendant, BANA for the purpose of creating a false and fraudulent chain of title for Defendant BONYM, from documents filed in public land conveyance records nationally, and ultimately filed in foreclosure cases nationally.

BANA used a network of law firms approved by Lender Processing Services ("LPS") which provided the software used to service mortgages. LPS made millions of dollars selling millions of false and fictitious MERS assignments to BANA, JP Morgan Chase, and major financial institutions to present as evidence in millions of fraudulent foreclosures across the nation.

Trial court judges still rely upon those false and fraudulent MERS note assignments as a means to fraudulently establish that Defendant, BONYM, is the proper plaintiff with standing to foreclose, infra, Aiwohi and Keohokapu facts.

Defendant, BONYM's loan servicer and sub-servicer representatives routinely lie in declarations, Affidavits, and in other sworn testimony received by foreclosure trial court judges, about the accuracy, truthfulness, and credibility of a "loan boarding processes" which fabricated the claim that current loan servicers verify the accuracy of payment histories from prior servicers. The only purpose of this perjury is to admit prior servicer records into evidence under false pretenses, rather than comply with the rules of evidence to admit the documents lawfully.

BONYM's servicers and sub-servicers cannot detect errors as basic as the failure by a prior servicer to properly apply loan payments received on the loan by any loan boarding process, while affirmatively stating that they can and do ensure the accuracy of the boarded records. The seminal case allowing this loan boarding testimony to admit records into evidence in Florida, and later across the nation for the first time was based on perjured testimony by BONYM, in an opinion that warned lenders not to present "robo-witnesses" to admit documents into evidence.

16. In *Bank of New York Mellon v. Calloway*, 157 So. 3d 1064 (Fla. 4th DCA 2015), BONYM's sub-servicer presented Jean Knowles as a witness who swore Mr. Callahan's testimony that BANA failed to properly apply his payments was disproven because the loan boarding process confirmed the accuracy of the entire payment history. Ms. Knowles has since admitted the loan boarding process

only verifies the terms of the note match the payment history, and the taxes and insurance are up to date. There is no way for BONYM to detect payments made and not applied. Failure to properly apply payments would trigger improper late fees, interest, and when repeated, results in improper fees, charges, and in many cases, wrongful foreclosures.

Defendant BONYM's loan servicer and sub-servicer representatives routinely lie about the accuracy, truthfulness, and credibility of prior loan servicer business records in declarations, Affidavits and sworn testimony presented to foreclosure trial judges, to lay foundational predicates for admission of evidence under either: a.) the business records exception to the hearsay rule; or b.) the incorporated records doctrine exception to the hearsay rule; unlawfully and inequitably.

Defendant BONYM is acutely aware that Defendant BANA has forged note endorsements, and filed fraudulent MERS note assignments, see infra, BONYM $8.5 Billion Settlement, and therefore, Defendant, BONYM cannot lawfully file declarations, Affidavits or otherwise elicit perjured testimony from loan servicer, or sub-servicer representatives regarding the truthfulness, accuracy and credibility of prior servicer business records received, with specific intent to defraud Class Plaintiffs and other prospective Class Members out of their homes, while bastardizing equitable principles within the rule of law.

Thus, Plaintiffs seek damages, injunctive, and equitable relief in accordance with the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), 18 U.S.C. § 1964 (a), (c), and 18 U.S.C. §§ 1341, 1343.

### B. Statement of Jurisdiction and Venue

This Court has original subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331.

For all times material hereto, Defendant BONYM conducted business operations and activities in the District of Hawaii related to filed foreclosure cases for mortgage loans originated, or purchased by Countrywide Bank, N.A. and/or Countrywide Home Loans, Inc. ("Countrywide loans" or "CHL"), with Defendant, BANA acting as Master Servicer for those mortgages.

Defendants have substantial business involvement regarding the filing, prosecution, and disposition of, thousands of foreclosure cases filed in this District, and nationally, spawned from historical Countrywide originated, or purchased subprime mortgages.

For all times material hereto, Defendant BANA knowingly forged, and Defendant BONYM knowingly used in foreclosure cases, tens of thousands of fraudulent note endorsements.

For all times material hereto, Defendant BANA knowingly forged, and Defendant BONYM knowingly used in foreclosure cases, tens of thousands of

fraudulent MERS note assignments, filed in the Bureau of Land Conveyances for the State of Hawaii, and in other Public Records depositories nationwide, regarding fictitious chain of title conveyances made to Defendant, BONYM.

Venue is proper under 28 U.S.C. § 1391 (b)(1)(2), because Defendants' conducted substantial business activities in the District of Hawaii, and because a substantial part of the acts or omissions giving rise to the claims raised below occurred in the District of Hawaii, including, but not limited to routine filings in the Bureau of Land Conveyances for the State of Hawaii, associated with thousands of foreclosure cases filed in Hawaii.

### C. Jury Demand

Plaintiffs have demanded trial by jury.

### D. Disclosures

The parties' position regarding the appropriateness, timing, and extent of disclosures Pursuant to Rule 26 of the Federal Rules of Civil Procedure ("FRCP") and Local Rule ("LR") 26.1, are set forth in "Plaintiffs' Report of the Conference of the Parties," filed July 21, 2023.

### E. Discovery, Motions, and Hearings

At this time, no discovery has been commenced. Defendants anticipate filing a motion to dismiss Plaintiffs' amended complaint in August 2023. That matter will likely be set for hearing in the normal course.

## F. Special Procedures

The parties have agreed that Defendants' be permitted to file a joint motion to dismiss and exceed the standard page limitation, being permitted a 40 page limit. The parties also agree that Plaintiffs' may file an opposition to said motion with an extended page limit of 40 pages.

## G. Related Cases

*The Bank of New York Mellon v. Nathan Earl Aiwohi, et al.,*
Civil No. 13-1-0082, Fifth Circuit Court for the State of Hawaii;
No. CAAP-18- 0000736 Intermediate Court of Appeals for the State of Hawaii

*The Bank of New York Mellon v. Toby Alamoana Keohokapu Jr., et al.,*
Civil No 1CC121001026, First Circuit Court for the State of Hawaii

*The Bank of New York Mellon v. John Fernandez Baliguat, et al.,*
Civil  No 1CC131003138, First Circuit Court for the State of Hawaii

*The Bank of New York Mellon v. Dennis Duane Deshaw, et al.,*
Civil No 16-1-1821-09 (JHC), First Circuit Court for the State of Hawaii;
No. CAAP-19-0000865, Intermediate Court of Appeals for the State of Hawaii; No. CAAP-22-0000266, Intermediate Court of Appeals for the State of Hawaii

*US Bank Trust National Association as Trustee of the Igloo Series III Trust v. Thomas Moses Johnson III, et al.,*
Civil No 1CCV-19-0002277, First Circuit Court for the State of Hawaii

*The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificate holders of the CWALT, Inc., Alternative Loan Trust 2006-0A10 Mortgage Pass-through Certificates, Series 2006-OA10 vs. Lazara A. Rodriguez, et al.,*
Case No. 2009-CA-062378, Miami-Dade, Florida, Circuit Court

*Green Tree Servicing LLC, Plaintiff, vs. Maria K. Williams-James, et al.,*
  Case No. 2015-CA-018433 in the Eleventh Circuit Court for the State of Florida.

*The Bank of New York Mellon, F/K/A The Bank of New York as Trustee for Registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-23 vs. Julie Nicolas, et al.,*
  Case No. 2018-037059-CA-01 in the Circuit Court of the 11th Judicial Circuit, Miami-Dade County, Florida.

DATED: Honolulu, Hawaii, July 21, 2023.

/s/ Frederick J. Arensmeyer
_____
FREDERICK J. ARENSMEYER
JAMES S. LEWIS
Attorneys for Plaintiffs